## CHARLES E. WILLIS, RESPONDENT, *v.* EDWARD GEHLERT, APPELLANT.

*Tax sales in New York city — notice to redeem — when it is too uncertain to give a good title — one holding under a tax lease does not hold under an adverse title.*

APPEAL from a judgment in favor of the plaintiff recovered on a trial before the court without a jury.

The action was brought to recover the possession of a lot of land situated upon the easterly side of Fourth avenue, twenty-five feet northerly from One Hundred and Twenty-sixth street. The title was acquired by one Adriance, in 1858, and he continued to own it until the time of his decease. By his will he devised it to his widow, and she, on the 10th of March, 1881, conveyed it to the plaintiff. The defendant went into possession of the property under a lease from James Ahearn, in 1866. This lease was for the period of ten years, and accordingly expired in 1876, about five years before the commencement of this suit.

The court at General Term said: "What right Ahearn had to make the lease has not been shown, neither is it important that it should have been, as the term expired before the conveyance of the property to the plaintiff. But at the time of this conveyance the defendant was in the possession of the property under two leases from the city of New York, executed and delivered to him upon sales for the non-payment of taxes, and upon that fact it has been objected that the deed to the plaintiff was void under the statute declaring a conveyance of real estate void when it may be in the possession of another person claiming under a different title. But the answer to this objection arises out of the circumstance that the defendant was not in possession claiming under a title adverse to that conveyed to the plaintiff. His rights depended, to the extent of his claim that he was entitled to hold and possess the property for the periods mentioned in the leases, upon the title of the plaintiff's grantor. And that did not present a case within this prohibition of the statute. (*Crary* v. *Goodman*, 22 N. Y., 170, 175; *Bedell* v. *Shaw*, 59 id., 46; *Dawley* v. *Brown*, 79 id., 390, 397.)

"Both the plaintiff and the defendant claimed the property upon the same title, and that was conceded by the defendant himself in

the notices served in his behalf, pursuant to section 13 of chapter 381 of the Laws of 1871, declaring the service of notice to redeem upon the owner of the property to be á prerequisite to the completion of the title of the defendant under the leases executed and delivered by the city to him. That section directed that notice should be served on the person owning the property so conveyed, whether it be occupied or not, provided such owner resided in the city of New York, or in any adjoining county. And the notice directed to be served appears by the proof in the case to have been served upon Margaret E. Adriance as owner of the property, and who at the time did own it under the devise of it made to her by the will of her husband. This was a concession of her title as a matter of fact by the defendant, sustaining the conclusion already declared concerning the regularity of the proceedings resulting in the referee's deed to her husband.

The right of the defendant to withhold the property from the plaintiff is wholly dependent therefore, upon the leases given to him by the city. By section 4 of chapter 381 of the Laws of 1871, before the leases could be legally given, the clerk of arrears, under the direction of the comptroller, was to cause an advertisement to be published at least twice in each week for six successive weeks, in a daily newspaper published in the city of New York, giving notice of the sale with a statement that, unless the lands and tenements sold should be redeemed by a certain day, they would be conveyed to the purchaser. The sales, under which one of the leases was given, commenced on the 14th and ended on the 23d day of December, 1871, and the other commenced on the 15th, and the sales were continued on the 18th, 24th and 30th days of December, 1874. On which of these days, at either sale, this property was sold was not made to appear. The notices published by the clerk of arrears, in each instance, stated the days on which the sales had been made of property for the non-payment of taxes, and both notices then contained the following clauses: 'And notice is hereby further given that unless the several lands and tenements so sold, be redeemed by the persons respectively claiming title to the same or some other persons, on or before the expiration of two years from the date of the respective sales of the said lands and tenements as is hereinafter particularly mentioned ' (which on the first

sale were stated to be the 14th, 15th, 16th, 18th, 21st, 22d and 23d days of December, 1873, and in the second sale the 15th, 18th, 24th and 30th days of December, 1876), ' by paying to the clerk of arrears for said city for the use of the purchaser of said lands and tenements sold, or their executors, administrators or assigns, the respective sums of money for which said lands and tenements were sold, together with interest, etc. The mayor, aldermen and commonalty of said city will execute to the respective purchasers, their executors, administrators or assigns, a lease under the common seal of the said city, of the lands and tenements so sold for such term of years as the same were respectively sold.'

" Neither of these notices stated any certain day when this land should be redeemed to prevent a conveyance of it to the purchaser, as the statute required that to be done. The notice left the day entirely uncertain on which the right to redeem would cease. In the first case it might be either one of seven different days between the fourteenth and twenty-third of December, and in the other either one of four different days, between the fifteenth and thirtieth days of December, which left the time in each instance so completely uncertain as not to be a compliance with the direction contained in the statute. And to divest a person of his title to real estate for the non-payment of taxes, the law requires a strict observance of the directions given for that purpose by the statute.

" This was not, in either case, such a notice as the statute had directed should be published before the purchaser at the sale could be entitled to a lease or conveyance of the property. This subject was considered in *Donahue* v. *O'Conor* (45 N. Y. Supr. Ct., 279), and the same view was maintained concerning the necessity of strictly complying with the directions contained in the statute. And the conclusion likewise follows from what was held in *Adriance* v. *McCafferty* (2 Robertson, 153, 163). It is true that the leases after they were executed and delivered were made presumptive evidence that the sale and all proceedings prior thereto, from and including the assessments, and also of the notice required to be given previous to the expiration of the two years allowed to redeem, were regular and according to the provisions of the statute. But this presumption has been wholly overthrown by the production and proof of the notices themselves, which as a matter of fact

did not comply with the direction contained in the statute. This presumption has been removed from the case, for it has been proven by the notices that they were not regular, and were not according to the provisions of the statute, and the defendant consequently acquired no right of possession of the property under the sales and the leases executed and delivered to him. The plaintiff was consequently entitled to recover the possession of the property, as that was adjudged, and the judgment appealed from should be affirmed."

*Jacob A. Gross*, for the appellant.

*B. A. Willis*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.